UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID TISDALE,

                Plaintiff,

    v.

JOHN DOE JOHNSON,

                Defendant.

No. C11-5447 RBL/KLS

**REPORT AND RECOMMENDATION**
**Noted For: February 3, 2012**

Before the Court is Plaintiff's motion to dismiss. ECF No. 16. Plaintiff David Tisdale was granted leave to proceed *in forma pauperis* in this 42 U.S.C. § 1983 civil rights lawsuit in June 2011. ECF No. 5. Defendant has filed an answer to the complaint. ECF No. 12. On December 14, 2011, filed a motion to dismiss, stating that he does not have the necessary skills to continue his case, has no funds to retain counsel, and asks that his case be dismissed. ECF No. 16. Defendant does not object to the dismissal. ECF No. 17.

Accordingly, the undersigned recommends that this action be dismissed pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

**DISCUSSION**

Rule 41 sets forth the circumstances under which an action may be dismissed. Under Rule 41(a)(1), an action may be dismissed by the plaintiff without order of court:

> (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.

ORDER - 1

After service of an answer or a motion for summary judgment, dismissal by plaintiff must be sought under Rule 41(a)(2), which provides, in part, that:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.

Therefore, once an adverse party has filed an answer or motion for summary judgment, plaintiff cannot dismiss without leave of court. *Hamilton v. Shearson–Lehman Am. Express, Inc.*, 813 F.2d 1532, 1535 (9th Cir.1987). As noted above, Defendant filed an answer to the complaint (ECF No. 12), but does not object to the dismissal (ECF No. 17).

## CONCLUSION

The Court should dismiss this action without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. See also Fed. R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **February 3, 2012**, as noted in the caption.

**DATED** this  11th  day of January, 2012.

Karen L. Strombom
United States Magistrate Judge